# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### ATHENS DIVISION

DONYEIL CUNNINGHAM,                    :
                                       :
       Petitioner,           :
                                       :       NO.  3:09-CV-28 (CDL)
    VS.                        :
                                       :
HILTON HALL,                           :
                                       :
       Respondent.           :       **Proceedings Under 28 U.S.C. §2254**
                                       :       **Before the U.S. Magistrate Judge**
_____:

## RECOMMENDATION TO DENY RELIEF

Before the court is Donyeil Cunningham's 28 U.S.C. §2254 petition seeking habeas corpus relief.  In this petition, Cunningham alleges ineffective assistance of counsel and error on the part of the state habeas corpus court.  Doc. 1.  For the reasons that follow, **IT IS RECOMMENDED** that the instant petition be **DENIED**.

## PROCEDURAL HISTORY

On February 17, 2005, following a trial by jury in Hart County, Georgia, Petitioner was convicted for the offenses of malice murder, felony murder, and aggravated assault.  He was sentenced to life for malice murder, and the remaining charges merged.  Petitioner filed a direct appeal and, on October 3, 2005, his convictions and sentence were affirmed.  Cunningham v. State, 279 Ga. 694 (2005).

On October 13, 2006, Petitioner filed a *pro se* state habeas corpus petition in the Superior Court of Mitchell County.  In an order dated June 1, 2008, the state habeas corpus court denied relief.  The Supreme Court of Georgia denied Petitioner's application for a certificate of probable

cause to appeal as well as his motion for reconsideration. On March 2, 2009, Petitioner filed the instant habeas petition.

LEGAL STANDARDS

In accordance with the provisions of 28 U.S.C. § 2254(d), this Court is prohibited from granting relief with respect to any claim adjudicated on the merits in state court proceedings unless that adjudication either: (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Williams v. Taylor, 529 U.S. 362, 402-13 (2000). A state court decision is "contrary to" clearly established federal law if either "(1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case. "Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001). An "unreasonable application"of clearly established federal law may occur if the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case." Id. "An unreasonable application may also occur if a state court unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Id. Moreover, when a "state court's application of federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." Yarborough v. Gentry, 540 U.S. 1, 5 (2003).

DISCUSSION

## Ground One

In ground one of his federal petition, Petitioner argues that his counsel was constitutionally ineffective in failing to request a jury charge on the lesser included offense of manslaughter. Petitioner raised this ground in his state habeas corpus petition. Following a hearing at which Petitioner's counsel testified about his decisions and strategy with respect to this and other issues, the state habeas court began its analysis by identifying and then explaining the two-pronged test for considering claims of ineffective assistance of counsel set forth by the United States Supreme Court in the case of Strickland v. Washington, 466 U.S. 668 (1984).

According to Strickland, to demonstrate ineffective assistance of counsel, a petitioner must establish: 1) that counsel's performance was deficient, falling "below an objective standard of reasonableness"; and 2) that counsel's deficient performance prejudiced the defense, in that there is a reasonable probability that the outcome would have been different but for counsel's unprofessional errors. Id.

In considering whether the first prong of the Strickland test had been satisfied with regard to this specific claim, the state habeas court noted the testimony of Petitioner's counsel that he made a tactical decision not to request a charge on the lesser-included offense of manslaughter:

> Counsel testified that based upon the evidence at trial, as well as the defense of justification, the defense strategy would not include a request to charge on any lesser offenses. Counsel summed up his trial strategy by stating, "I just made the evaluation at the time that those were not something that we wanted to seek. In essence, he was either guilty of murder or he was not guilty of murder."

Doc. 13-9, p. 7. The state court's finding of fact that the "attorney's actions were actually the product of a tactical or strategic decision . . . is presumptively correct." Provenzano v. Singletary,

148 F.3d 1327, 1330 (11th Cir. 1998). The court's determination of the facts was reasonable in light of the evidence presented in the state court proceedings.

Based on this finding of fact, the state habeas court concluded that "counsel's overall advocacy both at trial and on appeal was appropriate and objectively reasonable" and that, as such, Petitioner's allegations concerning ineffective assistance of counsel did not "provide him with any basis for relief." Doc. 13-9, p.8. The court's conclusion was consistent with clearly established federal law. In light of the evidence in the case, counsel's tactical decision not to request a manslaughter charge was reasonable enough to fall within the wide range of professional competence acknowledged by Strickland. The evidence showed that the victim's body was found on a farm in Royston, Georgia, wearing only underwear. The victim had been stabbed between 45 and 57 times in the face, neck, and both the front and back of the body. Petitioner gave a statement to the police in which he admitted that he stabbed the victim repeatedly with a steak knife and then with a pocket knife. He contended that he stabbed the victim in an attempt to fend off an aggressive sexual advance. Given the nature of Petitioner's statement and of the injuries to the victim, reasonable counsel could have made the strategic decision to emphasize the threatening nature of the advance, rather than attempt to argue that the advance was a "serious provocation sufficient to excite [a sudden, violent, and irresistible] passion in a reasonable person." O.C.G.A. § 16-5-2.

### Grounds Two and Four

In ground two of the instant petition, Petitioner claims that his trial counsel was ineffective for "allowing [him] to pick a jury that only had three Afro-Americans" and for failing to ask the court for a new jury pool which failure precluded him from raising the issue on appeal. In ground four of the instant petition, Petitioner alleges that he received ineffective assistance of counsel

because counsel never asked the trial court to question jurors about whether they had any inappropriate contact with witnesses or family members during a smoke break.

Petitioner did not raise either of these grounds on appeal or in his state habeas corpus petition. Moreover, were he to attempt to raise these grounds in a second state habeas corpus action, the state court would, in accordance with O.C.G.A. § 9-14-51, find them to be procedurally defaulted thus precluding relief.

Where, as here, procedural default bars state litigation of a constitutional claim, a state prisoner may not obtain federal habeas relief absent a showing of cause and actual prejudice, Engle v. Isaac, 456 U.S. 107, 129 (1982), or a showing that a fundamental miscarriage of justice will occur if the federal court does not consider the claim. Coleman, supra, at 750. After review, it appears that Petitioner has failed to allege or establish cause and prejudice for his procedural default. Likewise, there has been no showing that a fundamental miscarriage of justice will result if his claims are not addressed on the merits. McClesky v. Zant, 499 U.S. 467, 495 (1991). Accordingly, Petitioner is not entitled to relief on the claims set forth in grounds two or four of the instant petition.

### Ground Three

In ground three, Petitioner contends that he received ineffective assistance of counsel because counsel committed errors, specified under grounds one and two, that affected the outcome of the case. Because these allegations are, in actuality, a partial restatement of the ineffective assistance of counsel claims already discussed above, and because it is clear that Petitioner is not entitled to relief on either of those grounds, ground three must also fail.

### Ground Five

In ground five of his federal petition, Petitioner complains that the state habeas court judge erred by finding that his claims pertaining to bias in jury selection were procedurally defaulted. Upon review, and in light of the fact that alleged errors in the state post-conviction review process are not addressable through habeas corpus proceedings, it is clear that this claim is not cognizable in the context of a petition brought pursuant to 28 U.S.C. §2254. See Quince v. Crosby 360 F.3d 1259, 1261-62 (11th Cir. 2004). Accordingly, ground five of the instant petition must fail.

CONCLUSION

Because the Petitioner has failed to demonstrate that any claim adjudicated on the merits in the state court resulted in a decision that was: 1) unreasonable in light of the evidence; or 2) contrary to or the result an unreasonable application of clearly established federal law as determined by the United States Supreme Court, **IT IS RECOMMENDED** that his petition be **DENIED.**

In addition, and pursuant to the requirements of § 2254 Rule 11(b), it does not appear to that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, **IT IS FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served with a copy thereof.

**SO ORDERED**, this 11th day of May, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge